**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRUZ NELSON SANCHEZ VILLALTA, a.k.a. Cruz N. Sanchez, a.k.a. Nelson Sanchez, a.k.a. Cruz Nelson Villalta Sanchez, | No. 10-70044 |
| | Agency No. A094-061-742 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2014[**]

Before:  SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Cruz Nelson Sanchez Villalta, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from the immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Because our review is limited to the BIA's decision, we do not consider Sanchez Villalta's challenges to the IJ's opinion to the extent that the BIA did not expressly adopt it. *See Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). Substantial evidence supports the BIA's determination that Sanchez Villalta failed to establish a nexus between past or future harm and a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide some evidence of [motive], direct or circumstantial."). Thus, Sanchez Villalta's asylum and withholding of removal claims fail. *See also Garcia-Milian v. Holder*, No. 09-71461, 21014 WL 555138 (9th Cir. Feb. 13, 2014) (record did not compel the conclusion that the petitioner was persecuted on account of a protected ground). In light of our conclusion, we need not reach Sanchez Villalta's remaining contentions regarding asylum and withholding of removal.

Substantial evidence also supports the BIA's conclusion that Sanchez Villalta failed to establish any mistreatment he fears would occur at the instigation of, or with the acquiescence of, the Salvadoran government. *See Silaya v.*

2                                                                    10-70044

*Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).  Thus, Sanchez Villalta's CAT

claim fails.

**PETITION FOR REVIEW DENIED.**